Eastern District of Kentucky
**FILED**
JAN 14 2013
AT PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| Andrea Ward, | : |
| Plaintiff, | : Civil Action No.: 7:13-cv-4-ART |
| v. | : |
| | : COMPLAINT |
| Healthcare Revenue Recovery Group, LLC; and DOES 1-10, inclusive, | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Andrea Ward, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Andrea Ward ("Plaintiff"), is an adult individual residing in Pikeville, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Healthcare Revenue Recovery Group, LLC ("HRRG"), is a Florida business entity with an address of 1801 N.W. 66th Avenue, Suite 200C, Plantation, Florida

33313, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by HRRG and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. HRRG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Welsh Community Hospital (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to HRRG for collection, or HRRG was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. HRRG Engages in Harassment and Abusive Tactics

12. On or around October 4, 2012, Defendants placed four calls to Plaintiff in an attempt to collect the Debt.

13. Defendants informed Plaintiff that she owed four bills to a physicians group, however, Defendants failed to provide information as to how much Plaintiff owed towards the Debt.

14. During all four calls placed to Plaintiff, Defendants failed to identify the name of its company and failed to state that the reason for its calls was debt collection.

15. Plaintiff repeatedly requested that Defendants provide her with written validation of all four amounts for the Debt. Defendants refused saying that they "don't do that."

16. Accordingly, Plaintiff has not received written validation of the Debt as required by 15 U.S.C. § 1692g(a).

17. During the four conversations, Defendants used extremely profane language with Plaintiff and made several outrageous threats towards Plaintiff and her family.

18. At one point during the conversations, Defendants told Plaintiff to "just pay your d**n bills."

19. Defendants continued that they had Plaintiff's social security number and told Plaintiff, "You don't have to worry about your good credit; I'll destroy your credit."

20. Plaintiff was so fearful that Defendants would act on their threat to destroy her credit that Plaintiff put a lock on her and her family members' social security accounts.

21. As the conversation continued, Defendants escalated the scope of their profanity and threats and told Plaintiff they would destroy Plaintiff's life.

22. Defendants condescendingly called Plaintiff and her family "rednecks" and said "you're the reason the economy is bad!"

23. Furthermore, Defendants called Plaintiff and her family "you damn trailer-trash pieces of s**t! You hillbillies need to pay this!"

24. When Plaintiff informed Defendants that she would sue Defendants for the threats they made towards her, Defendants replied that Plaintiff would not be able to take action against

3

them, and that Defendants would "doctor" the tapes of the recorded conversations "however" they wanted to.

25. When Plaintiff spoke with a supervisor at Defendants, the supervisor told Plaintiff that she was just as much to blame for the conversations as the representative from Defendants was and that Plaintiff had "abused" Defendants' employee.

26. On the third call placed that day, Plaintiff informed Defendants that she would be seeking legal action against Defendants and requested that Defendants cease calling her regarding the Debt.

27. Defendants, however, placed an additional call to Plaintiff.

28. When Plaintiff picked up the last phone call, there was nothing but breathing on the other end with no discernible voices.

29. Defendants' calls and threats to Plaintiff and her family were extremely harassing and caused Plaintiff a great deal of emotional trauma and stress.

### C. <u>Plaintiff Suffered Actual Damages</u>

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

31. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

32. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendants threatened the Plaintiff with violence against her person.

36. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the Plaintiff.

37. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

38. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

39. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

40. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the debt.

41. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate false credit information.

42. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

43. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

44. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

45. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

46. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

47. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT, Ky. Rev. Stat. Ann. § 367.110, et seq.

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The Defendants are each individually a "person" as defined by Ky. Rev. Stat. Ann. § 367.110(1).

50. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Ky. Rev. Stat. Ann. § 367.170.

51. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**INTENTIONAL AND RECKLESS INFLICTION OF EMOTIONAL DISTRESS**

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53. The conduct engaged in by the Defendants vis-à-vis the Plaintiff was committed intentionally and/or recklessly and was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

54. The actions of the Defendants caused the Plaintiff emotional distress.

55. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

56. Therefore, the foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Kentucky.

57. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Ky. Rev. Stat. Ann. § 367.220(1) against the

Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ky. Rev. Stat. Ann. § 367.220(3);

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 7, 2013

Respectfully submitted,

By /s/ Joseph E. Blandford

Joseph E. Blandford, Jr.
Attorney at Law
1387 S. Fourth Street
Louisville, Kentucky 40208
Telephone: (855) 301-2100 Ext. 5535
Facsimile: (888) 653-9237
jblandford@lemberglaw.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237